UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | No. 3:06CR300(EBB) |
| CECIL BOYCE | : | |

RULING ON MOTION FOR RECONSIDERATION OF FIREARMS ENHANCEMENT

Pending before the Court is the motion of the defendant, Cecil Boyce ("Boyce"), for reconsideration and removal of the two-point enhancement in his presentence report's ("PSR") guideline calculation for possession of a firearm in connection with his narcotics conviction. For the following reasons, the motion [doc. # 90] is DENIED.

In a superseding indictment dated February 8, 2007, the grand jury charged Boyce with possession with intent to distribute heroine, cocaine base and marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846, possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 921(g)(1), and use of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c). On June 6, 2007, Boyce pleaded guilty to possession with intent to distribute 100 grams or more of heroin, an offense that carried a 120-month mandatory minimum sentence. The firearms charges were dismissed. Boyce was sentenced on November 15, 2007 to the 120-months minimum term. This conviction was Boyce's second federal narcotics conviction. Indeed, Boyce committed the offense while he was on supervised release on the prior conviction.

In connection with Boyce's sentencing, the Probation Office prepared a PSR that calculated his recommended guideline sentencing range to be 79 to 97 months. Specifically, the PSR calculated Boyce's base offense level at 26, based on the stipulated drug quantity, then subtracted three levels for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1, added two

levels pursuant to U.S.S.G. § 2D1.1(b)(1), because he possessed a firearm in furtherance of his drug trafficking offense, and added two more levels pursuant to U.S.S.G. § 4A1.1(d), because he committed the offense while on supervised release. With the resulting offense level of 27 and his criminal history category II, his guideline sentencing range was 79 to 97 months. However, based in part on the fact that Boyce committed the instant offense while on supervised release, the court, (Dorsey, J.) imposed the 120-month mandatory sentence.

Before sentencing, Boyce objected to the two-level firearm enhancement. At sentencing, the court overruled the objection and adopted the findings set forth in the PSR. The guideline calculations in the PSR were consistent with the provisions of Boyce's plea agreement, which stipulated that his base offense level of 26 would be adjusted by application of "[a] two-level increase . . . because [he] possessed a firearm in furtherance of his drug trafficking." The plea agreement also stipulated that he was subject to the mandatory ten-year sentence.

Boyce did not appeal his sentence or conviction and did not file any collateral challenge. Now, three years later, he moves for "reconsideration" and exclusion of the PSR's two-level enhancement for possessing a firearm in connection with his drug offense. He asserts that the enhancement prevents him from participating in the BOP's 500-hour substance abuse program which the court recommended at sentencing,[1] and also delays his transition to a halfway house.

---

[1] 18 U.S.C. § 3621(e)(2)(B) provides that the BOP may reduce by up to one year the period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a substance abuse program. The BOP's implementing regulation, 28 C.F.R. § 550.58(a)(1)(vi)(B), categorically denies such early release to prisoners whose current offense is a felony attended by the "carrying, possession, or use of a firearm." In promulgating this rule, the BOP stated "Congress did not mandate that all eligible inmates must receive the early release incentive. The reduction in sentence is an incentive to be exercised at the discretion of the Bureau of Prisons." 65 Fed. Reg. 80745, 80747-748 (Dec. 22, 2000). In Lopez v. Davis, 531 U.S. 230, 238-39, 244 (2001), the Supreme Court held that including this category of inmates as

Even if the Court were inclined to grant the requested relief, which it is not, the Court does not have jurisdiction to do so.[2]

Simply put, Federal Rule of Criminal Procedure 32, which pertains to PSRs, does not give a district court jurisdiction to correct a PSR after a defendant has been sentenced. United States v. Giaimo, 880 F.2d 1561 (2d Cir. 1989) (citing United States v. Ursillo, 786 F.2d 66, 68 (2d Cir. 1986)). Once sentence is imposed, the Court's jurisdiction over a defendant becomes extremely limited – indeed, the relief Boyce seeks is not within the scope of any federal rule. There is no clerical, arithmetic, technical or inadvertent error or mistake that would justify correction of Boyce's PSR pursuant to Rule 35(a), Fed. R. Crim. P, even if this motion had been filed within the required time period. See United States v. Abreu-Cabrera, 64 F.3d 67, 72 (2d Cir. 1995). The same is true with regard to Fed. R. Crim. P. 36, which allows a court to fix a clerical

---

among those ineligible for sentence reductions is a permissible exercise of the discretion granted to the BOP by § 3621(e)(2)(B).

[2]Although Boyce labels his motion as one for reconsideration, Rule 7(c) of the Local Rules of Civil Procedure (made applicable to criminal proceedings by D. Conn. L. Cr. R. 1(c)), he has not met the requirements for relief under this rule. First, the motion is untimely because it was not filed within fourteen days of the filing of the decision or order from which relief is sought. Second, the motion is not accompanied by a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court overlooked in the initial decision or order. Third, he does not satisfy the strict requirements for such relief. See Shrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir. 1995) (noting that reconsideration will "generally be denied unless the moving party can point to . . . matters . . . that might reasonably be expected to alter the conclusion reached by the court."). Indeed, there are only three possible grounds that warrant reconsideration: (1) an intervening change in the law; (2) the availability of new evidence not previously available; and (3) the need to correct a clear error of law or prevent manifest injustice. McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983). Boyce does not argue that any of these grounds are applicable. Rather, he seeks solely to relitigate an issue already decided at sentencing – that the PSR's application of a two-level enhancement for firearms pursuant to U.S.S.G. § 2D1.1(b)(1) was proper and would remain in this PSR even though it was not taken into account in imposing sentence. Boyce has failed to satisfy the strict standards that warrant reconsideration.

3

error in a judgment, order, or other part of the record, but does not allow a court to amend a sentence to effectuate an intention not expressed at sentencing. United States v. Keiffer, 257 Fed. App'x 378, 380 (2d Cir. 2007). Boyce does not identify any error that caused the judgment to incorrectly reflect the contemporaneous intent of the court at the time of sentencing. Rather, the record correctly reflects the court's adoption of the PSR's application of the firearm enhancement to Boyce's guideline calculation. And this is so even though the enhancement ultimately had no effect on the mandatory minimum sentence the court imposed.

Finally, as a substantive matter, there is no merit to Boyce's motion. Contrary to his assertion, his plea agreement expressly acknowledges and stipulates that his guideline calculation would include a two-level increase because he possessed a firearm in furtherance of his drug trafficking. Indeed, even if a sentencing court disregards disputed material in a PSR, the general rule is that such disregarded material, even if inaccurate, is not deleted. As the Second Circuit explained, "[i]f inaccurate statements are generally not deleted, accurate though allegedly inflammatory statements ought also not be deleted." United States v. Brickhouse, 75 Fed. App'x. 39, 2002 WL 22121018 (2d Cir. 2003).

This is not to say that Boyce has no avenue to seek relief. A defendant is entitled to challenge the contents of his PSR through administrative channels.

For the foregoing reasons, Boyce's motion for reconsideration and removal from his PSR the two-level enhancement for possessing a firearm in connection with his narcotics offense [doc. # 90] is DENIED.

SO ORDERED.

/s/ _____
ELLEN BREE BURNS
SENIOR UNITED STATES DISTRICT JUDGE

Dated this 7th day of January, 2013 at New Haven, Connecticut.